## J. L. DANIEL v. FORT WORTH & RIO GRANDE RAILWAY COMPANY.

### No. 1162.  Decided March 9, 1903.

**1.—Railway—Nuisance—Coal Hoist Near Residence—Damages.**

The damages recoverable for the creation of a nuisance near plaintiff's residence (the dust, noise, etc., from the construction of a coal hoist and the supplying locomotive engines with coal) are not limited to depreciation in the market value of his property, but may include, along with such depreciation, compensation for the personal annoyance and discomfort suffered by plaintiff and his wife in the use of their home.  (Pp. 328, 329.)

**2.—Same—Cases Distinguished.**

Rosenthal v. Railway Co., 79 Texas, 325; Baugh v. Railway Co., 80 Texas, 56; Gainesville, H. & W. Railway Co. v. Hall, 78 Texas, 169, and Denison & P. S. Railway Co. v. O'Malley, 18 Texas Civ. App., 200, distinguished from the present case.  (Pp. 329, 330.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Erath County.

Daniel sued the railway company and appealed from a judgment for defendant.  On its affirmance he obtained writ of error.

*J. W. Parker, W. T. Carlton,* and *J. B. Keith,* for plaintiff in error.— In an action by one against a railroad for maintaining a nuisance near his residence, the damages are not limited to the depreciation of the property, but may include damages for discomfort to the inhabitants of such house.  Baltimore & P. Railway Co. v. Fifth Baptist Church, 108 U. S., 317; Lahr v. Metropolitan El. Railway Co., 104 N. Y., 268; Fifth National Bank v. N. Y. El. Railway Co., 118 U. S., 608; Pennsylvania Railway Co. v. Angel, 41 N. J. Eq., 316; Illinois Cen. Railway Co. v. Grabill, 50 Ill., 241; Hockaday v. Wortham, 22 Texas Civ. App., 419.

*West, Chapman & West,* for appellee.—The court charged the jury the proper measure of damages, and did not err in refusing appellant's first special request.  Hockaday v. Wortham, 22 Texas Civ. App., 419; Gainesville, H. & W. Railway Co. v. Hall, 78 Texas, 169; Rosenthal v. T. B. & H. Railway Co., 79 Texas, 325; City of San Antonio v. Mackey, 36 S. W. Rep., 760; Denison & P. S. Railway Co. v. O'Malley, 18 Texas Civ. App., 200.

BROWN, Associate Justice.—The Court of Civil Appeals made no findings of fact in this case, but we have referred to the record from which we make the following statement:

Defendant in error was operating a railroad through the town of Stephenville, in Erath County, and J. T. Daniel purchased a lot in said town, about 250 feet west of the railroad track, on which he had resided for some years when the defendant in error built a platform, 300 feet long, between the main track and plaintiff's residence, between the two side tracks which were on the west side of the main track. The railroad company also erected near the platform a hoist, about twenty-five feet high, by which the coal was raised from the platform in iron buckets and dumped into the tenders of engines. There was evidence which tended to prove, that the coal dust from coal thus placed in the tender was carried by the wind to and into plaintiff's residence and settled upon his furniture, the walls, and upon the outside of the house so as to produce discomfort to the plaintiff and his family. The evidence also tended to show that the noise caused by operating the hoist and buckets, and the noise caused by the engines while taking coal, prevented the plaintiff and his wife from sleeping at night and disturbed and annoyed them in their enjoyment of their home.

Plaintiff brought this suit against the railroad company to recover the damages occasioned to him by the depreciation of his property on account of the facts before stated, which were alleged in the petition with sufficient certainty and particularity, and the petition also contained the following allegation: "That by reason of the things hereinbefore alleged, plaintiff and his wife have experienced and have been subjected to continually, both day and night, great physical and mental discomfort, and been vexed, harassed and annoyed to a degree almost insupportable, to their great and irreparable injury, and have been thereby damaged to the further sum of $500." The court charged the jury upon the right of the plaintiff to recover for the depreciation in the value of his property, but refused to submit to the jury the following special charge by the plaintiff: "If you believe from a preponderance of the evidence in this case that the plaintiff J. T. Daniel and his wife have been personally annoyed and discomforted in the use and enjoyment of their home by smoke or coal dust, or by vibrating, grating or disagreeable noises coming from defendant's coal yards and coal hoist into or on the house and premises of plaintiff, then you will find for plaintiff and award to him by your verdict such damages as in your judgment will reasonably and fairly compensate him for such annoyance or discomfiture suffered by himself and wife, not to exceed the amount sued for for annoyance." There was a verdict and a judgment for the defendant, which was affirmed by the Court of Civil Appeals.

The trial court committed error in refusing the special charge requested by the plaintiff. If the plaintiff was entitled to recover upon the evidence the right of recovery is not limited to the depreciation in

the value of the property, but he may recover damages for the discomfort of himself and family in the use of the home caused by the erection and use of the coal hoists. Baltimore & P. Railway Co. v. Fifth Baptist Church, 108 U. S., 317; Randolph v. Bloomfield, 77 Iowa, 52; Illinois C. Railway Co. v. Grabill, 50 Ill., 241; Pierce v. Wagner, 29 Minn., 355; Brown v. Chicago & A. Railway Co., 80 Mo., 457; Pennsylvania Railway Co. v. Angel, 41 N. J. Eq., 316.

In Baltimore & Potomac Railway Co. v. Fifth Baptist Church, above cited, the Supreme Court of the United States expresses the rule in this explicit language: "The instruction of the court as to the estimate of damages was correct. Mere depreciation of the property was not the only element for consideration. That might, indeed, be entirely disregarded. The plaintiff was entitled to recover because of the inconvenience and discomfort caused to the congregation assembled, thus necessarily tending to destroy the use of the building for the purposes for which it was erected and dedicated. The property might not be depreciated in its salable or market value, if the building had been entirely closed for those purposes by the noise, smoke, and odors of the defendant's shops. It might then, perhaps, have brought in the market as great a price to be used for some other purpose. But, as the court below very properly said to the jury, the congregation had the same right to the comfortable enjoyment of its house for church purposes that a private gentleman has to the comfortable enjoyment of his own house, and it is the discomfort and annoyance in its use for those purposes which is the primary consideration in allowing damages. As with a blow on the face, there may be no arithmetical rule for the estimate of damages. There is, however, an injury, the extent of which the jury may measure." This clear statement of the proposition renders argument in its application to this case unnecessary. We have found but one case that holds the contrary doctrine,—Kempner and Wife v. Louisville, 14 Bush, 87,—in which the Court of Appeals of Kentucky incidentally stated that the plaintiffs in the case were not entitled to recover "for loss of time on the part of the occupants on account of sickness caused by the stagnant water, etc;" but the question does not seem to have elicited discussion from that court and no reason is assigned nor authority cited in support of the decision.

In support of its opinion, the Court of Civil Appeals cites: Rosenthal v. Railway Co., 79 Texas, 325; Baugh v. Railway Co., 80 Texas, 56; Railway Co. v. Hall., 78 Texas, 169, and Railway Co. v. O'Malley, 18 Texas Civ. App., 200.

In Rosenthal v. Railway Company, the right of recovery for personal inconvenience on account of the noises complained of was not in issue, but the plaintiff claimed damages to the property because of faulty construction of the roadbed and on account of noise, smoke, etc., and the court simply held that under the facts of that case the depreciation in the value of the property was the safest measure of damages.

In Baugh v. Railway Company, the plaintiff alleged depreciation in

the value of his property, but in support of his claim set up matters of a character which would have sustained an action for personal discomfort, showing that the nuisance was temporary, and the court held that under such allegations the plaintiff could not recover for loss in the value of the property.

In Railway Company v. Hall, the action was for depreciation in the value of property arising from smoke, noise, etc. The railroad was constructed near to but not on the land. The question arose under art. 1, sec. 17, of the Constitution, it being claimed by the railroad company, that the damage to the property could not be recovered, there being no taking of it, but our Supreme Court held that it could be recovered.

Railway Company v. O'Malley was a suit for damages on account of the location of stock pens near the home of plaintiff, and claim was made for the difference between the value of the property before and after the construction of the pens, upon the allegation that the pens rendered the property uncomfortable for the occupants as a home. There was no claim of damages for personal discomfort, and the court held that under the facts the damages to the property were recoverable.

No case decided by this court justifies the conclusion that, if a structure, permanent in character, is a nuisance from which injury results to adjacent property, and by which nuisance the health of the occupants is impaired or the comfortable enjoyment of it is destroyed, the injured party is limited to compensation for the impairment of the value of the property. To the contrary, it is a rule of our law that full compensation may be awarded in one suit to the owner for all damages sustained from the same cause, and we see no reason why a party damaged in the value of his property and in his health or the enjoyment of the property, should be denied the right to recover for either or both wrongs. The existence of a permanent nuisance may cause injury by destroying the comfort of a home and not cause loss in the market value of the property, or it may cause injury to both, hence adequate compensation must embrace all the damage done and no more.

The pleadings and evidence in this case do not present any question of excuse for the railroad company upon the ground that it was reasonably necessary that the coal hoist should be located at that particular place, we therefore do not pass upon that question.

It is ordered that the judgments of the District Court and of the Court of. Civil Appeals be reversed and that this cause be remanded, and that the defendant in error pay the costs of the Court of Civil Appeals and of this court.

*Reversed and remanded.*