## JUNCTION CITY LUMBER COMPANY *v.* SHARP.

### Opinion delivered November 29, 1909.

1. NUISANCE—INJURY TO RESIDENCE.—Anything that materially and substantially lessens or destroys the use and enjoyment of one's homestead constitutes a nuisance. (Page 541.)

2. SAME—RIGHT TO USE ONE'S PROPERTY.—While every one has the right to the reasonable enjoyment of his own property, this right must be so exercised as not to violate the rights of others. (Page 542.)

3. SAME—CINDER PIT.—Where a lumber company constructed its sawdust or shaving pits and burnt its shavings and sawdust in a place where the smoke, cinders, soot and ashes were blown into a dwelling house, so as to cause a necessary and material annoyance to the owner, it will be liable as for a nuisance. (Page 543.)

4. SAME—MEASURE OF DAMAGES.—Where an injury to real estate by the maintenance of a nuisance is of a permanent nature, the measure of damages is the depreciation in the market value of the land; but if

the injury is not of a permanent nature, the depreciation in its rental
value is the measure of damages. (Page 545.)

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge;
reversed.

*McRae & Tompkins* and *D. L. McRae,* for appellant.

He who uses his legal right harms no one.  59 Miss. 116;
9 N. Y. 444.   One living in a city must necessarily submit to
the inconveniences of city life.   78 Ky. 400; 188 Mass. 6; 118
N. W. 768; 23 Mich. 448.   The measure of damages, unless
the injury is permanent, is the depreciation in rental value dur-
ing the continuance of the nuisance.   118 S. W. 786.   The
damages should at most be only nominal.   58 L. R. A. 390;
14 *Id.* 229; 74 Ia. 169; 86 Ala. 515.

*J. O. A. Bush,* for appellee.

Appellee's right to recover did not depend upon who owned
the land where the nuisance was operated, nor the negligence
of appellant in operating its plant.  85 Ark. 553; 27 L. Ed. 739.
The right to enjoy property is as much a matter of legal concern
as the property itself.   73 Ind. 293; 108 U. S. 328.   The measure
of damages is compensation for the physical discomfort sus-
tained by appellee.   67 Ill. App. 443; *Id.* 351.

FRAUENTHAL, J.   The plaintiff below, H. G. Sharp, is the
owner of a lot in Prescott, Arkansas, which is occupied by him as
a residence.

The defendant, the Junction City Lumber Company, owns
a block in the same city near the plaintiff's dwelling house, upon
which it has erected and operates a planing mill.   The plaintiff
alleged that the defendant in the operation of its plant created
and maintains a nuisance, which disturbs, annoys, and injures
him in the use and enjoyment of his property; and he instituted
this suit for the recovery of the damages which he claims he has
sustained thereby.   The plaintiff is a carpenter, and at the time
he bought his lot and built his dwelling thereon the land now
occupied by the defendant was then occupied by a furniture
factory.   This furniture factory was destroyed by fire, and the
defendant thereafter purchased the property; and after the erec-
tion and occupancy by plaintiff of his dwelling the defendant
built its planing mill on the land acquired by it.   This was three

or four years prior to the institution of this suit. At the same time the defendant built on this property a shaving pit, which is situated 375 feet from the plaintiff's house. The plant of the defendant employs about fifty men, and has a capacity of about 30,000 feet of lumber per day. The defendant delivers into the shaving pit by means of a blow pipe large quantities of shavings and sawdust, which are there burned; and these burning shavings and sawdust emit smoke, ashes and cinders, which envelope the plaintiff's residence, causing discomfort and annoyance in its use and enjoyment. The evidence on the part of the plaintiff tended to prove that the fires have been kept burning for the greater part of each year continuously. during the past three years; that his house was situated in a northeastwardly direction from the pit, and that the winds in that locality blow from the southwest and blow the smoke and ashes towards and upon his property; that the ashes and cinders soil the clothes of his family, and the smoke injures the use and enjoyment of his residence by reason of its discomfort and annoyance. At the request of the plaintiff, the court gave the following instruction: "If you find from the evidence that the defendant built or constructed its sawdust or shaving pits and burns its shavings or sawdust in a place where the smoke, cinders, soot or ashes are blown in on plaintiff's house in such a manner as to reasonably annoy him and his family and disturb them in the peaceable use and comfortable enjoyment of the same, you will find for the plaintiff."

"2. If you find for the plaintiff, you will assess his damages at such a sum as will in your judgment be a fair compensation for such annoyance, inconvenience and discomfort as the proof may show he and his family have suffered, if any; and in arriving at the amount you are told that the law lays down no rigid rules, but you are to be governed by your good judgment and reason and sound discretion based on the evidence in the case."

At the request of the defendant the court gave the following instructions:

"5. You are further told that one who chooses to reside in a city or town near manufacturing establishments cannot be heard to complain of the noise, smoke and confusion incident

thereto in the prosecution of a lawful business in a reasonably careful way. For these annoyances they are compensated by the attendant advantages. So in this case, if you believe from the evidence that the defendant is lawfully making a reasonable use of its property, so as to occasion no unnecessary damage to plaintiff, your verdict should be for the defendant.

"6. You are further told that, in passing upon the question as to whether the defendant is liable for damages, if the alleged annoyance is only occasional and not such as to annoy a reasonable person, the defendant would not be liable, although it might in fact annoy the plaintiff."

The court refused to give the following instructions asked for by the defendant:

"3. You are told that the defendant has the right to run a saw mill or planing mill and to use steam as a motive power, and to burn the shavings; and if in constructing and in using the property it has been guilty of no negligence, your verdict should be for the defendant."

"4. You are further told that if you find from the evidence that at the time plaintiff bought the property and built his residence thereon he knew that the lots and block upon which defendant's mill is built were appropriated and used for manufacturing purposes and establishments, he cannot be now heard to complain of the annoyance which arises necessarily from the lawful use of said property for such purposes."

The jury returned a verdict in favor of the plaintiff for $250; and from the judgment entered thereon the defendant presents this appeal.

1. This action is based upon the right of the plaintiff to recover damages to his property caused by an alleged nuisance maintained by the defendant upon its property. The plaintiff is the owner of a lot upon which is located his residence, and the value of his ownership depends upon the use and enjoyment of it as a residence. Anything that materially and substantially lessens or destroys that use and enjoyment impairs the value of the property and thus damages the plaintiff. Such acts create a nuisance, and the party who so maintains them to the injury of another is responsible in damages.

In the case of *Baltimore & Potomac Rd. Co.* v. *Fifth Baptist Church,* 108 U. S. 317, Mr. Justice Field says: "That is a nuisance which annoys and disturbs one in the possession of his property, rendering its ordinary use or occupation physically uncomfortable to him." Any injury to lands or houses which renders them less useful or comfortable is a nuisance. Joyce on Nuisance, § 2; Hilliard on Torts (4th Ed.), 584.

All acts done by one which render the dwelling house of another less fit for habitation, or which materially and substantially prevents its enjoyment in as full and ample a manner as before, will constitute a nuisance. Joyce on Nuisances, § 22; 2 Greenleaf; Ev. p. 427.

The use and enjoyment of property is the essential and valuable element of the right of ownership; and, wherever the property may be located, its owner has a right to be protected in that use and enjoyment, and to receive damages for an injury thereto. The locality may be considered in determining the extent of that injury, but anything which palpably and substantially annoys and disturbs one in the possession of his property works an injury for which he is entitled to redress, wherever it may be located. Every owner has a right to this protection. It is true, as is claimed by the defendant, that it has also the right to the use and employment of its property. And to obtain that use and employment it has the right to build and maintain on its property any business it may desire, which is lawful; but that right must be so exercised and the business prosecuted that it does not destroy the right of the neighboring owner to the enjoyment of his property. As is said in the case of *Bohan* v. *Port Jarvis Gas Light Co.,* 9 L. R. A. 711: "Every one has a right to the reasonable enjoyment of his own property; and so long as the use to which the he devotes it violates no rights of others, there is no legal cause of action against him. The wants of mankind demand that property be put to many · and various uses and employments, and one may have upon his property any kind of lawful business; and, so long as it is not a nuisance, and is not managed so as to become such, he is not responsible for any damage that his neighbor accidentally and unavoidably sustains. * * * * But where the damage is the necessary consequence of just what the defendant is doing,

ARK.]    JUNCTION CITY LUMBER CO. *v.* SHARP.    543

or is incident to the business itself or the manner in which it is conducted, the law of negligence has no application, and the law of nuisance applies." In 2 Cooley on Torts, 1243, a Maryland case is quoted with approval which says: "No principle is better settled than that where a trade or business is carried on in such a manner as to interfere with the reasonable and comfortable enjoyment by another of his property, or which occasions material injury to the property itself, a wrong is done to the neighboring owner for which an action will lie. And this, too, without regard to the locality where such business is carried on; and this, too, although the business is lawful and one useful to the public, and although the best and most approved appliances and methods may be used in the conduct and management of the business." *English* v. *Progress Elect. Light & M. Co.,* 95 Ala. 256; Joyce on Nuisance, § 85.

Every one has the right to the reasonable use of his own property, but it is not a reasonable use of it if it deprives the adjoining owner of the lawful use and enjoyment of his property. And no locality can be considered as convenient for carrying on a business which is a nuisance, and which causes a substantial injury to the property of another. *Eller* v. *Koehler,* 68 Ohio St. 51.

This court has quoted from *Ross* v. *Butler,* 19 N. J. Eq. 294, the following with approval: "The law, then, must be regarded as settled that when the prosecution of business, of itself lawful, in the neighborhood of a dwelling house renders the enjoyment of it. materially uncomfortable, by the smoke and cinders and noise or offensive odors produced by such business, although not in any degree injurious to health, the carrying on such business there is a nuisance." *Durfey* v. *Thalheimer,* 85 Ark. 544; *Terrall* v. *Wright,* 87 Ark. 213.

It follows therefore that the above instruction number 1 given on the part of the plaintiff is substantially correct. In this instruction it is said that if the smoke, soot and ashes are blown on the plaintiff's house in such a manner as to "reasonably" annoy him, etc. It would be more correct to use the expression "necessarily and materially annoy," instead of "reasonably" annoy. We presume that by the word "reasonably" in this connection is meant the ordinary and necessary result

of the smoke, cinders and ashes. But if there should be any uncertainty in that regard in said instruction, it was made clear by instruction number 5 given on the part of the defendant wherein it says that if the acts complained of were such as "to occasion no unnecessary damage to plaintiff," the defendant would not be liable.

We are therefore of the opinion that no prejudicial error was committed in giving the instruction number 1 on the part of the plaintiff, and in refusing instructions numbers 3 and 4 asked for by the defendant.

2. But in an action for damages for the injury caused by the continuance of a nuisance the recovery is limited to the actual damages sustained. The damage that is recovered is not for an injury to the person, but to the property and to the use and enjoyment of the property. If the injury is of a permanent nature, the measure of damages would be the depreciation in the market value of the land; but if the injury is not of a permanent character, then the diminution in the rental value or the depreciation in its use would be the measure of recovery. The object of the law is to give compensation for the injury done. If the nuisance is maintained maliciously, or if some peculiar and special damage is shown, that should be taken in consideration in fixing the amount of the damages. But where the nuisance results in the course of the lawful business, with no malice and with no special injury, except to the enjoyment and use of the property, then the depreciation in the rental or usable value of the property would give a just and full compensation for the injury, if it is only temporary.

In the case of *Swift* v. *Broyles,* 58 L. R. A. 390, the Supreme Court of Georgia, in a well considered case involving the question of the measure of damages that should be recovered for the annoyance and discomfort occasioned by another by the maintenance of a nuisance on premises adjacent to a dwelling house, says: "It is not the policy of the law that the jury shall be permitted to act arbitrarily in the matter. On the contrary, they are expected to observe the cardinal rule that only actual damages can lawfully be recovered by the injured party. To the end that they may be enabled to arrive at a just and reasonable conclusion as to the amount of compensation to be awarded

him, · the courts have with marked unanimity held that the jury. may consider proof of and adopt as the measure of his damages the depreciation in the rental value of his property caused by the discomforts to which its use has been subjected. One who himself occupies premises of which he is the owner cannot, it is true, logically be said to have suffered any actual loss of rent by reason of a tortious interference with the enjoyment of his home. The decisions just cited are not, however, based upon any such erroneous theory, but rest upon the perfectly rational doctrine that the owner of the property of a given rental value is entitled, if he elects to be at once his own landlord and tenant, to get an amount of enjoyment out of it equal to the sum he would be obliged to pay as rent for premises of a like rental value belonging to another." 2 Wood on Nuisances, § 867; 4 Sutherland on Damages, § 1047.

In the case of *Czarnecki* v. *Bolen-Darnall Co.,* 91 Ark. 58, decided by this court, the question of damages incurred by the owner of a dwelling house from the injury caused by a nuisance was involved. In that case the court quoted with approval from Joyce on Damages the following rule as to the measure of damages in such cases: "Where a nuisance causes a permanent injury to the property, the measure of damages will be the depreciation in the value of the property, that is the difference between its value before and after the injury. If, however, the injury is not a permanent one, but only temporary or removable, the measure of damages will then be the depreciation in the rental value of the property during the time of its maintenance or up to the time of the trial."

In the case at the bar it is not claimed that any injury was caused to the health by the maintenance of the nuisance, or that there was any special damage of any kind, other than to the use and enjoyment of the property. There was no testimony indicating the character of the property or the size of the dwelling thereon, or the value of the property or of its rental or usable value. The jury were permitted without any pecuniary guide to arbitrarily fix the amount of the damages. So far as the testimony shows, it may be that the sum of $250 recovered is the full value of the entire property, or more than the full value. The damages in this case · should be compensatory only. And

in our opinion the rule laid· down in the Czarnecki case is a just and reasonable one for arriving at the amount of such compensation.

It follows therefore that the court erred in giving instruction number 2 on the part of plaintiff, which relates to the measure of damages.

For the error in giving said instruction the judgment is reversed, and the cause remanded for a new trial.