CITIZENS' PLANING MILL CO. v. TUNSTALL et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 25, 1913. Rehearing Denied Nov. 15, 1913.)

1. NUISANCE (§ 3*)—PRIVATE NUISANCES— WHAT CONSTITUTES NUISANCE.

A planing mill, erected within about 70 feet of a residence in a densely settled residential portion of a city, was a permanent nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 4, 5, 9–25; Dec. Dig. § 3.*]

2. CONTINUANCE (§ 26*) — ABSENCE OF WITNESSES—DILIGENCE.

Defendant's application for a continuance was properly overruled, where the case had been on file for more than a year, and no process had been issued for any witnesses, and the application did not give the names or residences of any witnesses wanted.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

3. NUISANCE (§ 50*) — PRIVATE NUISANCE — MEASURE OF DAMAGES — DIMINUTION OF RENTAL OR SALABLE VALUE.

Where a planing mill, erected near plaintiff's residence, constituted a permanent nuisance, the measure of damages to the property was the depreciation in the market value, and not the difference in rental value before and after the creation of the nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 118–127; Dec. Dig. § 50.*]

4. NUISANCE (§ 50*) — PRIVATE NUISANCE — DAMAGES.

Where a planing mill, erected near plaintiff's residence, was a nuisance, plaintiff could recover, in one action, damages resulting from the discomfort as well as from the injury to the property.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 118–127; Dec. Dig. § 50.*]

5. APPEAL AND ERROR (§ 1033*)—REVIEW— HARMLESS ERROR.

Where, in an action for a nuisance created by the erection of a planing mill near plaintiff's residence, damages were awarded as for a permanent nuisance, the fact that the injunction prayed for was ignored by the court and jury was not prejudicial to defendant, but favorable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

6. APPEAL AND ERROR (§§ 1040, 1068*) — HARMLESS ERROR—OVERRULING EXCEPTION.

The overruling of defendant's exception to plaintiff's allegation of damage by the increased cost of insurance, due to defendant's maintaining a nuisance, a planing mill, and the refusal of the court to charge to find against

plaintiff on that item, were not prejudicial to defendant, where no evidence was offered on that point, and no recovery for such damage was awarded by the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105, 4225–4228, 4230; Dec. Dig. §§ 1040, 1068.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Mattie E. Tunstall and another against the Citizens' Planing Mill Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Read & Lowrance and W. M. Bates, all of Dallas, for appellant. J. G. Wilson and C. F. Greenwood, both of Dallas, for appellees.

RAINEY, C. J. Mrs. Mattie E. Tunstall, a widow, brought this suit for herself and as next friend of her minor daughter, Gertie L. Tunstall, to recover of appellant for a nuisance created by the erection of a planing mill near the residence of appellees.

[1] Plaintiff alleged: "That, while they were in the quiet and peaceable enjoyment of their home, on or about the 1st day of February, 1911, the defendant corporation, without any regard for the rights of plaintiffs, proceeded to build and construct, complete and place in operation, a planing mill on a certain tract or parcel of land just south of plaintiff's home. That it extends about 150 feet along parallel with said alleyway, and being on the south side of same, and opposite and immediately across said alley, from plaintiff's barn and rear premises, and in about 70 feet of plaintiff's dwelling house. That said planing mill extends about 150 feet east and west and about 100 feet north and south. That the rear of said planing mill was built within 10 feet of plaintiff's barn and rear premises. That said planing mill is operated by steam, and is filled with a vast amount of machinery, and is operated for the purpose of cutting and planing and sawing lumber. That a vast amount of lumber is kept piled up by defendant on its said premises in close proximity to the plaintiff's said premises, and that a large number of men and employés are kept at work upon said premises continually. That a large amount of lumber, shavings, and other combustible material are constantly kept on said premises. That defendant has been constantly operating said planing mill ever since its construction, and threatens to continue to do so permanently. That in the operation of said planing mill, loud and deafening noises are made by the saws, ripsaws, planers, steam, and whistle, and the constant emitting of steam, and that the noises are so great that it is often impossible to carry on a conversation in plaintiff's home, and difficult all the time to do so in an ordinary and natural tone of voice. That the operation of said saws, ripsaws, planers, and machinery create a continuous, loud, harsh, unpleasant, buzzing sound, that is not only disagreeable to plaintiffs in their home, but that is harsh to, and injurious upon, the nerves and nervous system of plaintiffs, both physically and mentally. That the operation of said mill and machinery frequently causes a great volume of black smoke and soot to be carried into plaintiff's home, settling upon the furniture, bedding, wearing apparel, and household goods of plaintiffs, thereby damaging said property; and that smoke, dust, and noxious vapors are blown and carried from said planing mill into the said house, greatly damaging said property and causing inconvenience. That before the erection of said planing mill, plaintiffs' property was of the reasonable market value of $3,500, and that the erection of the planing mill has depreciated the market value of same more than $1,000, to plaintiffs' actual damage in the depreciation of said property the sum of $1,000. That they had resided upon said property as their home for a number of years before the erection of said planing mill, and were enjoying it as a place of residence. That it was situated about 2½ miles east of the courthouse, and in a densely settled residence portion of said city, and that they were entitled to the continued peaceable use of it as a home. That the erection and operation of said planing mill has subjected plaintiffs to continual annoyance, inconvenience, and discomfort. That said wrongs inflicted by defendant have seriously and continuously interfered with, and caused plaintiffs to be disturbed in, the peaceable enjoyment of their home, and that the inconvenience, discomfort, and annoyance inflicted upon them renders said property unfit as a place of residence, and that plaintiffs have been subjected continuously to great physical and mental discomfort, annoyance, and inconvenience, to a degree almost unbearable, to their actual damage in the further sum of $2,000. Defendant answered by general and special exceptions, general denial, and by special answer, alleging what it claims the facts to be. Plaintiffs filed exceptions, and replication to the answer of defendant, and a denial of the matters and things set up in defendant's answer. The jury returned a verdict in favor of plaintiffs in the sum of $1,000 as damages for depreciation in the value of said property, and in the further sum of $2,000 damages, on account of inconvenience, annoyance, and discomfort, suffered by plaintiffs, and apportioned the damages equally between the mother and child."

We conclude that plaintiffs' allegations state a good cause of action for a recovery for permanent damages and that the evidence supports the allegations.

[2] 1. The court committed no error in requiring appellant to go to trial at the time it was tried. The case was set for trial September 19th, and to accommodate appellant's

---

counsel it was passed until September 23d, and on the last date it was reset for the 25th for appellant's benefit. The case had been on file for more than a year, and no process had been issued for any witnesses, nor was the name or residence of any witness mentioned in the application for a continuance; therefore no diligence was shown by appellant to procure its witnesses. Besides, a number of witnesses were introduced and testified for appellant, and it was not shown that any witnesses other than those who testified were wanted. The circumstances show that appellant had no legal ground for complaining of the action of the court in overruling the application for continuance.

[3] 2. The allegations of plaintiffs' petition and the evidence adduced thereunder showing that the planing mill constituted a permanent nuisance, the measure of damages is the depreciation in the market value of plaintiffs' property, and not the difference in rental value before and after the creation of the nuisance. Daniel v. Railway Co., 96 Tex. 327, 72 S. W. 578; Rosenthal v. Railway Co., 79 Tex. 325, 15 S. W. 268; Railway Co. v. McGehee, 75 S. W. 841.

[4] Where the petition claims damages for personal discomfort, which, if supported by the evidence, as is the case here, the injured party is also entitled to recover for the damages sustained for the discomfort and is not limited to recovery for depreciation in the value of property. In the Daniel Case, supra, Mr. Justice Brown, speaking for the Supreme Court, said: "No case decided by this court justifies the conclusion that, if a structure, permanent in character, is a nuisance from which injury results to adjacent property, and by which nuisance the health of the occupants is impaired or the comfortable enjoyment of it is destroyed, the injured party is limited to compensation for the impairment of the value of the property. To the contrary, it is a rule of our law that full compensation may be awarded in one suit to the owner for all damages sustained from the same cause, and we see no reason why a party damaged in the value of his property and in his health or the enjoyment of the property should be denied the right to recover for either or both wrongs. The existence of a permanent nuisance may cause injury by destroying the comfort of a home and not cause loss in the market value of the property, or it may cause injury to both; hence adequate compensation must embrace all the damage done and no more."

[5] 3. Where the recovery had is for a permanent nuisance, the fact that the injunction prayed for is ignored by the court and jury does not constitute error, as it works no injury to appellant, but on the other hand is favorable to him. Kennedy v. Garrard, 156 S. W. 570.

[6] 4. Plaintiff pleaded damages by reason of increase of insurance on her property. Exception presented by defendant was overruled. No evidence was presented by plaintiff in support of said plea, and the court ignored same in his charge. It is evident from the verdict that the same was not considered by the jury in reaching a verdict, and the appellant suffered no injury from the action of the court in failing to sustain exceptions to the plea and in failing to give a special charge by appellant to the effect to find against plaintiff on said issue. The failure of the plaintiff to introduce evidence in support of said plea and the ignoring of same by the court and jury shows no error.

5. The appellant complains of the court's refusal to give several special charges requested by it. The court instructed the jury fully on all material issues raised by the pleadings and evidence. On the question of nuisance the instructions were such that the jury could not have been misled as to what was necessary to constitute a nuisance, and under the facts they were warranted in finding said planing mill was a nuisance. We are of the opinion that the appellant was not injured by the refusal of said charges, and said assignments are overruled.

6. The numerous assignments relating to the admission and rejection of testimony are also overruled. These principally related to testimony in regard to the market value of plaintiff's property and the depreciation thereof, which incidentally involved its location as to whether it was business or residence property. There was considerable testimony introduced along these lines, and the facts developed were such that the jury could not have been prejudiced to the detriment of appellant, and if there was any error it was not of the character to warrant a reversal of the case.

7. We conclude that the verdict and judgment are warranted by the facts; that no reversible error is shown to have been committed by the court; therefore the judgment is affirmed.