### CITY OF OLNEY v. CHANDLER et al.
### No. 12751.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 24, 1932.

Rehearing Denied Jan. 21, 1933.

E. G. Thornton, of Olney, and Marshall & King, of Graham, for appellant.

Taylor, Muse & Taylor, of Wichita Falls, and Fred T. Arnold, of Graham, for appellees.

LATTIMORE, Justice.

The appellee sued appellant for damages and an injunction from the discharge of water from appellant's sewage disposal plant into a ditch which led some distance into Salt creek, thence in that creek four or five miles to appellee's farm. Salt creek does not run in the dryer portions of the year. This sewer water was carried to evaporation tanks, and the excess, which according to appellant was

90 per cent. pure, was run into the creek at times, alleges appellant, when the wet weather impeded evaporation, yet gave the creek sufficient flow to carry water promptly to the Brazos river. The plaintiff's case was that the sewer water had diminished the rental value of his farm, had caused stock to refuse to drink the creek water, had spoiled a well for him, and the odors caused him sometimes to have to close his doors and windows. He asked for damages to rental value and for personal discomfort.

The verdict on special issues rejected any damages to rental value or that the water was unfit for stock purposes, but found personal discomfort to plaintiff and family, the damages being $250. The court entered judgment for same and enjoined the pollution by appellant of the waters of Salt creek on appellee's farm.

The principal question is whether the evidence is sufficient to sustain the judgment in either portion. The sewage plant of appellant has been in operation for many years. Appellee's evidence is that two or three times a month he can smell the sewage water in the creek at his house, which is some one hundred yards from the creek, and two or three times since 1928 he has had to close the windows on the side nearest the creek in order to eat his meals in comfort. He had dug a well a few feet from the creek, and while he could not smell the sewer water in the well, the water tasted "slick."

We discard the injury to the well, since there is no evidence that sewer water produces a "slick" taste, but there is evidence that a large number of oil wells discharged their refuse into the creek. Mere inconvenience from odors unaccompanied by any other injury is not a ground for damages. Royalty v. Strange (Tex. Civ. App.) 220 S. W. 421.

Civilization and increasing density of population has brought us traffic lights and taxes, which we cite to exemplify the rule that we must give up some freedom for the privilege of living amongst our kind. Appellee and family have enjoyed better health than before, his stock are content, and the tenantry find his place no less worth while. The proximity of the city of Olney, if the usual rule prevails, gives him a market for his crops, and stores from which to replenish his supplies. Sometimes people are too emphatic on "rights" and too short on "duty"; each one is the complement of the other. A good citizen must sometimes surrender what seems his right in order that he may do his duty.

Believing the evidence is insufficient to support any verdict, the judgment is here reversed and rendered in favor of appellant. The injunction does no more than the criminal laws already require, and same is dissolved.

## On Motion for Rehearing.

We have carefully examined a vigorous motion for rehearing, in deference to which we say that our decision was intended to carry out the principles announced in Daniel v. Ft. Worth & R. G. Ry. Co., 96 Tex. 327, 72 S. W. 578, where it was said that an owner of land may recover damages for injuries to his land and his health or the enjoyment of the property. In the case at bar the jury found the use of the land had not been damaged, but did find that plaintiff has suffered personal discomfort from such odors. We have heretofore set out the evidence on this issue, from which we conclude that the same is insufficient to sustain the verdict.

The motion is overruled.