### VESTAL et al. v. BOST et al.
### No. 14951.

Court of Civil Appeals of Texas. Fort Worth.

June 18, 1948.

Rehearing Denied July 9, 1948.

McDonald & Anderson and Geo. W. Anderson, all of Wichita Falls, for appellants.

J. W. Harvey, of Archer City, Vincent Stine, of Henrietta, and David W. Stephens, of Fort Worth, for appellees.

McDONALD, Chief Justice.

J. A. Vestal and wife own and live in a house on one of the principal streets in Archer City. R. J. Barbour and wife own and live in another house in the same block. Also in the same block there is a service station. In the rear of the latter premises there is operated a wholesale gasoline business, with large underground storage tanks capable of holding 15,000 gallons of gasoline. Vestal and wife, and Barbour and wife, brought the present suit against the operators of the wholesale gasoline business, claiming that it was a nuisance. They alleged that their respective homes had been permanently damaged in value, and sought

to recover for such damages, and also sought to abate the alleged nuisance.

The case was tried to a jury, which found in response to special issues that the storage of large quantities of gasoline in said storage tanks was a private nuisance in violation of the rights of Vestal and wife, and likewise in violation of the rights of Barbour and wife; that the reasonable cash market value of the Vestal property was $4,000 immediately before the construction of the tanks and the storage of gasoline therein, and $2,000 immediately thereafter, and that the value of the Barbour property before and after was $10,000 and $9,500; that the Vestals had been damaged in the amount of $500 by the escape of fumes, stench and odors from the storage tanks; that the manner in which the storage of gasoline was being conducted by the defendants Bost and Gulf Oil Corporation was such an unreasonable use of such property as to cause material injury, annoyance or discomfort to the Vestals and the Barbours.

The verdict of the jury appears to have been returned and filed on September 5, 1947. On September 16th the plaintiffs filed a motion moving the court, quoting from the motion, "to render judgment in their favor on the verdict of the jury returned herein on September 5, 1947, abating the nuisance created and maintained by the defendants, * * *." On September 19th the defendants Bost and Gulf Oil Corporation filed a motion asking the court to disregard the findings of the jury in answer to several designated special issues, said findings being those to the effect that storage of large quantities of gasoline in said tanks was a private nuisance as to the Vestals; that the Vestals' property was worth $4,000 before and $2,000 after the construction of the tanks and the storage of gasoline therein; that the Vestals suffered damages in the sum of $500 from the escape of fumes, stench and odors from the tanks; and that the manner in which the storage of gasoline was being conducted by defendants was such an unreasonable use of their property as to cause material injury to the Vestals. On the same day defendants filed a similar motion, asking the court to disregard the findings of similar nature as to damages done to the Barbours. These motions were overruled by a separate order of the court entered on October 6th.

On October 6th defendants filed a pleading reciting that it was in reply to the motion for judgment filed by plaintiffs on September 16th, mentioned above. In this pleading defendants declared that they still denied that plaintiffs had been damaged by fumes from the storage tanks, and that they still denied that they were liable in any respect to plaintiffs and denied that plaintiffs were entitled to any relief, injunctive or otherwise; but declared that defendants were willing to move certain vents from said tanks to another part of the premises, and to extend such vent pipes to a height of forty feet, and alleged that if such were done fumes from such vents would be discharged into the air at such a distance from the ground that they would be dissipated in the immediate area of the vent openings. The pleading further alleged that the tanks and equipment necessary to their operation were installed as a cost of more than $5,000, and that it would cost defendants more than $7,500 to move the tanks to some other location in Archer City. Under the circumstances, defendants alleged, the relative injury which would be done to defendants by denying them the use of the premises for the wholesale gasoline business and causing them to expend the sum alleged would be far greater and would far outweigh any possible inconvenience to plaintiffs from continued use of the tanks. The prayer of the pleading was that the judgment requested by plaintiffs be denied and that no other judgment be granted plaintiffs other than to require defendants to move the vent pipes and increase their height in the manner above stated.

On the same day, October 6th, the court heard evidence offered by defendants in support of their allegations concerning the cost of installing the tanks, and the cost of removing them to some other location. The court also heard evidence, over repeated objections of the plaintiffs, to the effect that any possible damage to plaintiffs from the escape of fumes from the tanks would be entirely eliminated by moving the vent pipes and elevating the openings to a height of forty feet above the ground.

The judgment of the court, rendered on December 19th, will be discussed in some detail. After the usual recitals concerning appearance of the parties at the trial, the judgment sets out the jury verdict. It then recites that on October 6th came on to be considered the motion of plaintiffs "not to grant them any money recovery as permanent damages to their properties" but to render judgment perpetually enjoining the defendants from using the three 5,000 gallon storage tanks for the storage of gasoline. It is further recited that at the same time there came on to be considered the motions of the defendants to disregard the answers to certain special issues. As said above, these last mentioned motions had been overruled by a separate order entered on October 6th. The judgment then declares that the court finds from the undisputed evidence offered before the jury that the tanks and connections were of the best material and were constructed and installed in the most approved way, and that there was no danger of explosion, fire or other damage to plaintiffs by reason of the mere storage of gasoline and use of said tanks, but that the court further finds and decrees from the evidence introduced before the jury that the openings of the vent pipes were too near the premises and especially the improvements on the Vestal property, and that the openings of the vent pipes were too near the ground, and that the evidence supported the finding of the jury in answer to the fifth issue that such would constitute a nuisance in violation of the rights of the Vestals. It is then recited that the court construes the findings of the jury in the light of the evidence heard by the jury, and that, so construing same, the court concludes that the jury finding is not a finding that the mere storage of gasoline and the use of said tanks constitutes a nuisance, but that the nuisance feature arises only from the fumes being permitted to escape so near the Vestal property and so near the ground as not to be dissipated in the air sufficiently to eliminate the inconvenience and annoyance to persons occupying the Vestal property. The judgment then declares that the jury findings with respect to the permanent damage to the Vestal property are immaterial since the court is granting injunctive relief which will eliminate the permanent damage to the Vestal property when the court's judgment is complied with. The judgment later recites that, notwithstanding any other order theretofore entered, the answers of the jury to issues 6, 9, 10 and 19 were set aside and disregarded as being without support in the evidence. These were the jury findings that there was a nuisance as to the Barbours and that their property was worth $10,000 before and $9,500 after the construction of the tanks, and the finding that the manner in which gasoline was being stored was such an unreasonable use of the property as to cause material injury, annoyance or discomfort to the Barbours. The judgment then refers to the hearing had on October 6th, and finds, in effect, that relocating the vent pipes and elevating their openings to a height forty feet above the ground would avoid any possible danger, annoyance or inconvenience to all the plaintiffs. The substance of the decree is that defendants must relocate and raise the openings of the vent pipes as above stated, and that plaintiffs be denied any other relief save that the Vestals are awarded judgment for $500 for the damages suffered by the escape of fumes and odors from the tanks.

Plaintiffs have appealed. The defendants do not by cross-assignments complain of any part of the judgment.

In the block in question, where plaintiffs live and where defendants operate their service station, there are three other service stations, two welding shops, an oil field supply house, a lumber yard, an auto supply house, one tin and one sheet iron warehouse, and a garage, so it is seen that the block is not an exclusive residential area. The Barbour property is south of the defendants' service station, and about 150 feet from the storage tanks in question. We are unable to find any evidence of probative value showing that the tanks or the manner of the operation constituted a nuisance as to the Barbours or that their property was damaged in value thereby. We agree with the finding of the trial court in the judgment to the effect that the evidence failed to show any danger of explosion, and, as to

850

the Barbours, we think that there was no evidence reasonably tending to show that they were under danger from escaping fumes or that they suffered any discomfort or inconvenience therefrom. We hold that the judgment denying the Barbours any recovery should be affirmed.

 The Vestal property was adjacent to the service station, and the storage tanks were within a few feet of the Vestal home. The trial court in his judgment finds that there was evidence to support the finding that there was a nuisance as to the Vestals, but further found, from evidence offered after the verdict was returned and the jury discharged, that the nuisance would be eliminated by changing the location of the vent pipes and elevating their openings. We know of no procedural statutes or rules supporting the action of the trial court in this respect. After the verdict was returned and filed and the jury was discharged, he might, under applicable rules, have done one of three things. He might have set the verdict aside and ordered a new trial. He might have rendered judgment on the verdict. He might have rendered judgment notwithstanding the whole verdict or some portion thereof on proper motion. Texas Rules Civil Procedure, rule 301; 25 Tex.Jur., p. 484 et seq.; 41 Tex. Jur., p. 1234 et seq. As to the suit of the Barbours, he followed the procedure last mentioned. But as to the suit of the Vestals, he refused to disregard the verdict as being without evidence to support it. But after the jury had found that the nuisance existed, that it was permanent, and that the Vestals had suffered loss in the value of their property, the trial court heard evidence from which he concluded that the nuisance would be eliminated if certain things should be done, and that, when such things were done, there would be no nuisance and there would be no permanent damage to the Vestals' property. Not yet having entered judgment, he might properly have set the verdict aside and ordered a new trial, and no one could have appealed from such an order. But the method of procedure followed by the trial court had the direct result of depriving the plaintiffs of a jury trial.

In so far as the judgment awards a recovery of $500 to the Vestals for the discomfort suffered by them from the escape of fumes, stench and odors, it is left undisturbed; but in so far as the judgment denies them any other recovery, it is reversed, and the cause of the Vestals for damages, and in the alternative for abatement of the alleged nuisance, is remanded for a new trial.

The judgment is affirmed in part, left undisturbed in part, and reversed and remanded in part. One-third of the costs of appeal are taxed against the Barbours, and two-thirds against defendants Bost and Gulf Oil Corporation.