**GULF OIL CORPORATION v.
VESTAL et ux.**

No. 15136.

Court of Civil Appeals of Texas.
Fort Worth.

May 12, 1950.

Rehearing Denied June 9, 1950.

J. W. Harvey, of Archer City, Archie D. Gray, of Houston, Vincent Stine, of Henrietta, W. B. Edwards and David W. Stephens, both of Fort Worth, for appellant.

McDonald & Anderson and Geo. W. Anderson, all of Wichita Falls, for appellees.

McDONALD, Chief Justice.

Appellees Vestal and wife own and occupy as their home a house on one of the principal streets in Archer City. On the lot immediately south of them there is a retail gasoline filling station, and in the rear of the filling station premises there is operated a wholesale gasoline business. The situation is described somewhat in detail in our opinion delivered in Vestal v. Bost, Tex. Civ.App., 212 S.W.2d 847, writ ref. n. r. e., on a prior appeal of the case. For reasons therein stated, the cause was then remanded for another trial, and on the present trial damages were awarded to appellees on a verdict of the jury. Appellant Gulf Oil Corporation's contentions on appeal are presented under ten points of error.

Appellees' claim for damages is based on the escape of gasoline vapors from appellant's wholesale plant, no complaint being made of the operation of the retail filling station at the front of the lot in question. Appellant argues vigorously that it should have had an instructed verdict on the ground that the evidence shows without dispute that the vapors resulted from the spilling of insignificant quantities of gasoline; that the small amount of escaping vapors were and are only those to be reasonably expected from careful and prudent operation of the business; that the business is situated in a commercial and industrial area of said city; that the escape of vapors and gases were at such infrequent intervals and in such small quantities as to cause no damage to appellees' use and enjoyment of their property nor to the value of their property; that the loading and unloading of gasoline and the incidental operations and consequences thereof did not amount to an unreasonable use of the property; that appellant's operations were conducted in a careful, reasonable and prudent manner.

We have carefully reviewed the evidence, and are not willing to render judgment here for appellant on the ground that there is no evidence tending to show that the operation of the wholesale plant constituted a nuisance or an unreasonable use of appellant's premises. Much has been written about the law pertaining to private nuisances, and it is not necessary to restate the rules that are announced in many reported opinions and recognized texts. There is evidence that the vapors

escaped from appellant's premises and invaded appellees' home in such quantities and with such frequency as to support the claim of a nuisance. As is said in 31 Tex. Jur., pp. 423-424, it is not every use of one's property which works an annoyance to the person or property of another that creates a nuisance. There must be a material or substantial injury. The amount of annoyance or inconvenience that must be produced to constitute a nuisance cannot be precisely stated; it necessarily depends on the varying facts of each case. The test is the effect upon persons of ordinary health or sensibilities. Locality is to be considered in determining whether there is a nuisance, for what might be a nuisance in one place may not be considered a nuisance in another place. Id., p. 424. A lawful business may become a nuisance by reason of the manner of its operation. Id., p. 433. Pollution of the atmosphere with noxious or offensive odors, gases or vapors may become a nuisance if it causes material discomfort and annoyance to those residing in the vicinity, or injures their health or property. Id., p. 430. Although there is persuasive evidence in support of appellant's contention that the operation of its plant in its present condition does not constitute a nuisance, we cannot say that the evidence is such that reasonable minds could not differ about it.

The plant was first installed in February of 1947. It is undisputed that in December of 1948 much of the annoyance suffered by appellees was remedied by the erection of certain vent pipes at the back of the lot which extended forty feet into the air and which permitted the escape of vapors from the gasoline tanks in such manner that they no longer invaded appellees' premises. The court's charge, in submitting the question of permanent damage to appellees' property, inquired as to the value of the property immediately before and immediately after the installation of the plant. It is obvious that the difference in value immediately before and immediately after the installation in February of 1947 does not represent the true measure of the permanent damage to the property. The permanent damage is that which has resulted and will result from the operation of the plant in the condition in which it was left after the changes were made in December of 1948.

In response to a series of issues the jury found that appellees suffered damages in the amount of $895 by way of decrease of use and enjoyment of their home from December of 1947 until December of 1948. As has been said, damages were also awarded appellees for the decrease in the value of their home, based on the difference in values immediately before and immediately after the installation of the wholesale plant, which was in February of 1947. There is an overlapping with respect to the two items of damage. In the case of temporary damage to land, recovery can be had for the loss or impairment of use and enjoyment of the land during the period of temporary damage, but in the case of permanent damage a recovery for the entire loss is to be had in one action, the measure of damage most often applied, although not the exclusive method, being the difference in value before and after the creation of the condition which causes the permanent damage. See the discussion in 31 Tex. Jur., pp. 464-467. A case in point is Junction City Lumber Co. v. Sharp, 92 Ark. 538, 123 S.W. 370. Although there is some language in the opinion in Daniel v. Fort Worth & R. G. Ry. Co., 96 Tex. 327, 72 S.W. 578, relied on by appellees, which, taken alone, might indicate that recovery can be had both for loss in value and for loss of use and enjoyment in the case of permanent damage, it is clear that the established rule is as we have stated it. Under the verdict, appellees have recovered for the loss of value alleged to have occurred at the time the plant was installed in February of 1947, and have also recovered for loss of use and enjoyment during a later period, which results in a recovery of double damages to the extent indicated.

There were no issues submitted to the jury inquiring as to any negligence on the part of appellant, nor were there any issues submitted inquiring whether the acts

complained of amounted to a nuisance. The thirteenth issue reads as follows: "Do you find from a preponderance of the evidence that the loading and unloading of gasoline and the incidental operations and consequences thereof on the premises involved is a reasonable use of such premises by the defendant?" We sustain appellant's objection that the issue misplaces the burden of proof. Appellees seek to escape the effect of misplacing the burden of proof by saying that the other issues submitted to the jury and the answers thereto constituted a sufficient basis for recovery of the damages found by the jury. They say that the jury found that the fumes and gases escaped from appellant's property and invaded appellees' home, that they did damage, and that it was for the court, not the jury, to say whether such facts amounted to an unreasonable use by appellant of its property, or amounted to a nuisance.

 General statements are to be found in decisions and texts to the effect that it is for the jury to find whether or not certain facts exist, and for the court to find whether or not the facts so established constitute a nuisance or an unreasonable use of property. In 39 Am.Jur. 408 it is said that what constitutes a public nuisance is a question of law, but that "Whether a particular act, structure, or use of property which is not a nuisance per se is a nuisance in fact is generally a question for the jury." A similar declaration is found in 46 C.J. 812. It is held in Merchants' Mut. Tel. Co. v. Hirschman, 43 Ind.App. 283, 87 N.E. 238, 244, that, except in the case of nuisance per se, the clear weight of authority seems to be that "the court must instruct the jury as to what constitutes a nuisance in law, and the jury must determine whether or not the particular thing, act, omission, or use of property complained of is in fact a nuisance." To the same effect is the holding of our Supreme Court in Sherman Gas & Electric Co. v. Belden, 103 Tex. 59, 123 S.W. 119, 27 L.R.A.,N.S., 237. We consider that Waggoner v. Floral Heights Baptist Church, 116 Tex. 187, 288 S.W. 129, is authority for the proposition that whether a given act is a nuisance is a question of fact, or at any rate a mixed question of law and fact, which the jury should decide under appropriate instruction from the court. In Trueheart v. Parker, Tex.Civ.App., 257 S.W. 640, it is said that it is a question for the jury to decide whether or not a dance hall, not a nuisance per se, is a nuisance in fact. A similar holding with respect to a funeral home is found in Mast v. Oakley-Metcalf Funeral Home, Tex.Civ.App., 101 S.W.2d 819. To uphold appellees' contention, we should have to say that a case for imposing liability is made when it is found that fumes and vapors escaped from appellant's premises, even though such may have occurred without fault on appellant's part. In the absence of a finding of negligence or wilfulness, when the facts are not such as to establish a nuisance per se, there must be a finding either in so many words, or in terms that will have such legal effect, that the act or acts complained of amounted to a nuisance. We speak, of course, of cases where jury issues are made by the evidence.

The ninth and tenth points of error complain of the court's definition of the terms private nuisance and unreasonable use. Neither of said terms was contained in any of the issues submitted to the jury. But the other matters discussed in this opinion require a reversal of the judgment.

Reversed and remanded.

### On Motion for Rehearing

Appellees insist on motion for rehearing that we are in conflict with the cases hereinafter cited in our holding that there was an overlapping with respect to the issues on damages.

 As we understand the authorities, they are to the effect that a plaintiff who complains of a nuisance may sue in one action both for his personal injuries and for the damages done to his realty. Recovery for loss in value of the realty depends on his ownership of the realty or of some interest therein. Recovery for personal injuries does not depend on ownership of the realty he occupies. If the nuisance is permanent, he may recover, if

he owns the realty, for depreciation in its value caused by the nuisance. If the nuisance is temporary, he may recover for depreciation in the value of the use of the realty during the continuance of the nuisance. See the authorities cited in our original opinion, and also Vann v. Bowie Sewerage Co., 127 Tex. 97, 90 S.W.2d 561.

As we interpret the issues submitted to the jury, one set of them inquired as to damages suffered by appellees in decrease of the use and enjoyment of their home, while another set inquired as to damages suffered in loss of value of the home. The evidence warranted submission of issues both with respect to temporary damage and with respect to permanent damage, because, as is stated in our original opinion, vapors escaped for a period of several months from the vent pipes into appellees' home, the vent pipes then were moved and raised to a greater height, and after that time damages were no longer suffered from this source. Thus, the evidence supported the theory of temporary damages up to the time the vent pipes were moved, and permanent damages based on the depreciation in value as of the time appellant had completed its efforts to eliminate the objectionable features of the plant. But, as is pointed out in the original opinion, the issues on permanent damage inquired as to value immediately before and immediately after the installation of the plant. This resulted in an overlapping of the two items of damage.

Statements in appellees' brief and in their motion for new trial indicate that they treat the first set of issues as pertaining to a claim for personal injuries, rather than as a claim for temporary damage to the property. They may have been so intended, but, as we read all of the issues touching on the matter, they did not have that effect.

The cases cited on this question in appellees' brief are the following: Daniel v. Fort Worth & R. G. Ry. Co., 96 Tex. 327, 72 S.W. 578, where plaintiff sued for depreciation in the value of his property, and also alleged that plaintiff and his wife had been subjected to great physical and mental discomfort, and had been vexed, harassed and annoyed, in the sum of $500. Although, as we said in our original opinion, there is some language in the opinion which, taken apart from its context, might appear to support the contentions advanced by appellees in the case before us, the actual holding of the court was that plaintiff could recover in the same action for the physical injuries suffered by his wife and himself and for the loss in value of his property, and that the trial court erred in limiting recovery to the item of property damage. Texas & P. Ry. Co. v. Reeves, Tex.Com.App., 256 S.W. 902, where a recovery of $100 for annoyance and inconvenience was upheld when there was also a recovery for depreciation in the value of the property owned by plaintiffs. The court cited the opinion in the Daniel case, supra, and interpreted it, as we do, as a suit for depreciation in value of the property and for "physical and mental discomfort to the occupants of the home." Columbian Carbon Co. v. Tholen, Tex.Civ.App., 199 S.W.2d 825, 826, writ refused, where recovery was allowed for diminished value of the property and also for "unreasonable discomfort, annoyance, and inconvenience to the appellee's wife and himself in their persons." Olivas v. El Paso Electric Co., Tex.Civ.App., 38 S.W.2d 165, where a general demurrer was sustained. The opinion is not specifically in point on the question before us. Citizens' Planing Mill Co. v. Tunstall, Tex.Civ.App., 160 S.W. 424, 425, where recovery was upheld both for depreciation in value of the property and for "inconvenience, annoyance, and discomfort" suffered by plaintiffs. The cited cases are not, as we view the matter, in conflict with what we hold in the case before us.

We have also carefully examined the other contentions presented in the motion for rehearing, but remain of the opinion that our original holdings were correct.

The motion for rehearing is overruled.