CITY OF HASKELL v. HARTRICK.†

(Court of Civil Appeals of Texas. Feb. 4, 1911. Rehearing Denied March 4, 1911.)

1. NUISANCE (§ 76*) — PUBLIC NUISANCE—SPECIAL ANNOYANCE AND DISCOMFORT.

An individual plaintiff, who establishes a right to recover for the depreciation in the market value of his property by the maintenance of a public nuisance, may allege and recover in the same action damages for special annoyance and discomfort to himself and family.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 185–188; Dec. Dig. § 76.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR — PROPOSITION ACCOMPANYING ASSIGNMENT.

Where assignments of error are grouped and presented by a single proposition, which differs from any of the assignments, they are not properly presented, and cannot be considered, since each assignment must be sustained or overruled as a whole.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Haskell County; C. C. Higgins, Judge.

Action by T. E. Hartrick against the City of Haskell. Judgment for plaintiff, and defendant appeals. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

135 S.W.—67      † Writ of error denied by Supreme Court April 5, 1911.

Clyde F. Elkins and H. G. McConnell, for appellant. Nelson & Pool and Helton & Murchison, for appellee.

DUNKLIN, J. T. E. Hartrick recovered a judgment against the city of Haskell for damages resulting from the maintenance of a dumping ground, constituting a nuisance, near the farm occupied by himself and family as a home. In his petition plaintiff alleged that by reason of the nuisance the market value of his property was depreciated, and that the nuisance caused annoyance and discomfort to himself and family. He sought judgment for damages for both these results.

The trial court overruled defendant's general demurrer to the petition, and also its first special exception, reading: "Specially excepting to said petition, defendant says that that portion seeking damages in the sum of $1,000 on account of the inconvenience, annoyance, discomfort, and distress, mentally and physically, to the injury and detriment to the health of plaintiff and his family, should be stricken out and disregarded, because no action at law is authorized therefor." The jury were instructed that, if defendant was guilty of maintaining the nuisance as charged, then plaintiff should be awarded damages for the annoyance, inconvenience, and discomfort suffered by himself and his family by reason thereof, and also for any depreciation in the market value of his home as a result of the same cause. The following special instruction requested by the defendant was refused: "You are charged that no damages can be recovered by the plaintiff in this case on account of inconvenience, annoyance, and discomfort, mental or physical distress; but the evidence upon these matters was admitted before you solely upon the issue of whether or not the market value of the plaintiff's land has been permanently depreciated."

By the verdict plaintiff was awarded $50 damages for "personal annoyance" and $550 for "depreciation in value of his land," and judgment was rendered accordingly.

Three assignments of error are presented; the first to the refusal of the requested instruction, the second to the order overruling the general demurrer to the petition, and the third to the order overruling the special exception copied above.

The special exception to the petition and, the requested instruction presented the same contention, namely, that plaintiff could recover no damages whatever for personal annoyance and discomfort. The general demurrer presented the contention that there could be no recovery for personal annoyance, nor for depreciation in the market value of the property, resulting from the nuisance. In the case of Daniel v. F. W. & R. G. Ry. Co., 96 Tex. 327, 72 S. W. 578, the plaintiff sued to recover damages resulting from a nuisance maintained by the railway company near his home. The damages sought in that case were for the depreciation in the market value of the home, and also for discomfort and annoyance to plaintiff and his wife. The trial court instructed the jury that plaintiff would be entitled to recover for the depreciation in the market value of his property, if the same was depreciated by the maintenance of the nuisance, but refused an instruction requested by the plaintiff that he would also be entitled to damages for discomfort and annoyance to himself and his wife by reason of the nuisance. In disposing of the case our Supreme Court said: "The trial court committed error in refusing the special charge requested by the plaintiff. [1] If the plaintiff was entitled to recover upon the evidence, the right of recovery is not limited to the depreciation in the value of the property; but he may recover damages for the discomfort of himself and family in the use of the home, caused by the erection and use of the coal hoists. Baltimore & P. Railway Co. v. Fifth Baptist Church, 108 U. S. 317 [2 Sup. Ct. 719, 27 L. Ed. 739]; Randolf v. Bloomfield, 77 Iowa, 52 [41 N. W. 562, 14 Am. St. Rep. 268]; Illinois C. Railway Co. v. Grabill, 50 Ill. 241; Pierce v. Wagner, 29 Minn. 355 [13 N. W. 170]; Brown v. Chicago & A. Railway Co., 80 Mo. 457; Pennsylvania Railway Co. v. Angel, 41 N. J. Eq. 316 [7 Atl. 432, 56 Am. Rep. 1]."

The second assignment presents, not only the same question presented by the other two, but the additional question of plaintiff's right to recover for depreciation in the market value of his land, and in appellant's brief the three assignments are grouped; but appellee has made no objection to a consideration of the assignments upon the ground of improper grouping. But one proposition is presented under the three assignments of error mentioned, which reads: "No damages are recoverable by a father in his name on account of annoyance, inconvenience, discomfort, and distress of his children, and the overruling of appellant's demurrer directed to that part of plaintiff's petition, and the refusing of appellant's special charge No. 3 directing the jury to return no verdict for the plaintiff on that question, was error."

[2] It will be noted that this proposition differs from the assignments; in that it presents the single question of appellee's right to recover for inconvenience, annoyance, and discomfort suffered by his children. Even though it should be held that the proposition presents a correct statement of law, it can avail appellant nothing. These assignments must each be sustained as a whole or overruled in toto, and to sustain the assignment complaining of the refusal of the requested instruction, or the one complaining of the order overruling the special exception, would be to hold that plaintiff could not recover for personal annoyance to himself and wife, which clearly would be contrary to the law as announced in Daniel v. F. W. & R. G. Ry., supra. For authorities in accord with that

decision, see 3 Sutherland on Damages, § 1051; 29 Cyc. 1637; Mahan v. Doggett (Ky.) 84 S. W. 525.

All the assignments of error are overruled, and the judgment is affirmed.