**BOREN et al. v. MAGNOLIA PETROLEUM CO.  (No. 2995.)**

(Court of Civil Appeals of Texas. Texarkana. Nov. 27, 1924.)

**1. Nuisance** ⊜⇒31 — **Temporary injunction against erection of oil storage tanks properly denied, where threatened injury is contingent.**

Where the evidence on application for temporary injunction to restrain erection of oil storage tanks showed that the injury from their erection was uncertain and contingent, a temporary injunction was properly denied.

**2. Nuisance** ⊜⇒4—**Erection of oil storage tank will not be restrained because adjacent dwellings rendered less desirable.**

The erection of oil storage tanks will not be restrained in the first instance, unless it is established that the location selected would make the storage a nuisance, and the mere possibility of injury to adjacent houses or the mere location of the tanks rendering the houses less desirable as dwellings does not warrant injunction against such erection, though improper maintenance might be restrained.

Appeal from District Court, Panola County; Chas. L. Brockfield, Judge.

Action by Mrs. James F. Boren and others against the Magnolia Petroleum Company. From an order denying temporary injunction, plaintiffs appeal. Affirmed.

The· appeal is from ·an order of the district judge, made in vacation, refusing a temporary injunction. The order was made after notice and the hearing of evidence.

It appears from the record that the Magnolia Petroleum Company was intending to erect and had assembled the necessary building material to construct two large oil storage tanks in the town of Carthage in furtherance of its local business of selling and delivering oil to purchasers generally. The tanks were to be constructed, as it appears from the sworn pleading, entirely of thick steel material, and to be closed and fireproof, and equipped with all known safety appliances against· fire and explosion and devices preventing leakage and drippings. The tanks were to be erected on the right of way of the Gulf, Colorado & Santa Fé Railway Company. between the main line track and the switch track. The railway company used and for a long period of time has done so, the switch track in the locality in question for purposes generally of receiving and unloading carload shipments of freight. On the right of way and along the switch at a point not far from the proposed location in suit several commercial warehouses are maintained and used, and the Texas Company also has its warehouse and oil storage tanks.there. It is a place convenient to the railway company and persons to deliver and

receive shipments in carload lots, and is entirely devoted to that purpose by the railway company. The engines of the railway company are all equipped with oil burners, and are operated that way. The railway tracks run north and south, the switch track being on the west of the main track leading from the depot, and a street adjoins the right of way on the west, running parallel with the switch track. The lots of appellants, on which are situated their residences, occupied for a long time as their homesteads, adjoin the street on the west, and front south towards the railway tracks. The block in which the respective residences are located is distant 100 feet from the right of way. The residence of one of the appellants is 157 feet from the site of the proposed erection of oil tanks in suit, and this is the nearest residence to the place. This block has been residence property for some years. The appellants filed a petition seeking to restrain the appellee "from the construction of the tanks and building and from the storing of oils therein," upon the grounds alleged, in effect that the place selected was an improper and dangerous place in which to keep and store large quantities of oil, under the surroundings and attendant circumstances and manner of use, threatening injurious consequences to appellants' residences and to the people living in them, decreasing the value of the property as residence property, and productive of annoyance and personal discomfort to appellants and their families. The court, after hearing the evidence, refused a preliminary or temporary injunction.

B. W. Baker, of Carthage, for appellants.

Louis V. Greer, of Dallas, Young & Stinchcomb, of Longview, and Long & Strong, of Carthage, for appellee.

LEVY, J. (after stating the facts as above). [1] It is the rule that, when the acts or establishments complained of as working hurt or injury are not nuisances per se, but may or may not become so, according to locality, manner, or use, and the surroundings, it is especially proper to refuse a temporary injunction when it is uncertain or indefinite or contingent that a nuisance will result, or in cases of conflicting evidence as to the fact of a nuisance. 1 High on Injunctions (4th Ed.) § 744. In their brief appellants admit, and do not claim to the contrary, that the alleged establishment complained of is not legally classed as a nuisance per se; i. e., a nuisance at all times and under any circumstances, regardless of location or surroundings. And the evidence offered to show that the establishment complained of is a nuisance in fact, in virtue of the place selected, the surroundings, the manner of use and attendant circumstances, when considered as whole, reasonably goes to show a case within the rule above announced. Therefore, in view of the evidence,

the appellate court would not be warranted in setting aside the trial judge's order refusing a temporary injunction. Since the case is yet to be heard on a final hearing, the evidence is not discussed by this court. As a general statement in respect to the evidence and the pleadings, seeking remedy by injunction to prevent the establishment of an alleged nuisance, it is not an invasion of the property rights of the owners of residences in the immediate vicinity to erect and maintain tanks for storing and keeping oils, and therefore not the foundation of a suit for injunction to restrain the "erection" or installation in the first instance of the tanks, unless it is affirmatively established that the location selected, with the surroundings and all the attendant circumstances, may make the keeping and storing of oils, even though carefully kept or stored, a nuisance, where danger from fire or explosion therefrom is continuous and imminent or liable to occur and with consequent injury to the residences and the inmates thereof, or greatly interfering with, if not entirely destroying, the proper enjoyment of such dwelling houses. The mere possibility of injury to the adjacent residences is insufficient to warrant restraining "the erection" of the oil tanks. Joyce on Nuisances, § 415, p. 592; 1 High on Injunctions (4th Ed.) § 742. Also it is not enough that the mere location of the tanks there would render the residences less desirable as dwelling houses for families. League v. Journeay, 25 Tex. 172.

[2] The second ground of complaint appears to be in respect to acts producing personal discomfort and rendering the adjacent residences less desirable and valuable for dwelling houses for families, in "storing, keeping, and handling" the oil in such manner and way as to cause "leakage, seepage, and waste on to the ground," and "noxious and offensive vapors, odors, and gases" which will pollute the atmosphere and render same not pure and wholesome. Such alleged acts arise, of course, from the conduct and operation of the business, and may legally be abated. But the right of action in such facts is, not to restrain the "erection" of the tanks or absolutely prevent the carrying on of the business of storing and keeping oil, but to restrain the improper use or negligent maintenance of the property. 20 R. C. L. § 94, page 481, and page 439; Joyce on Nuisances, § 90, p. 138; 29 Cyc. pp. 1222, 1223. The case of Waters-Pierce Oil Co. v. Cook, 6 Tex. Civ. App. 573, 26 S. W. 97, cited by appellants, is not a holding to the contrary, but in effect applies that rule to the facts of the case. The factor of the case was negligence. Quoting from Joyce on Nuisances, supra:

"Where a business can be so carried on that it will not constitute a nuisance, an injunction restraining the carrying on of the business will not be issued, but the court will so frame its order that the business may be continued, provided it is so conducted as not to create a nuisance."

The judgment is affirmed.