**HORNSBY et al. v. CRYSTAL BEACH PARK et al.**

**No. 8591.**

Court of Civil Appeals of Texas. San Antonio.
April 29, 1931.

Rehearing Denied July 15, 1931.

John W. Hornsby and Stanley C. Hornsby, both of Austin, for appellants.

John C. North, of Corpus Christi, for appellees.

SMITH, J.

C. C. Hornsby, J. C. Hornsby, and T. B. Templeton, appellants herein, each own and operate a group of tourist cottages along the North Beach adjoining the city of Corpus Christi, and each resides with his family in one of these cottages. The North Beach section of the city is devoted exclusively to the housing and entertainment of tourists who seek the delightful climate of this favored Texas coast city.

In the spring of 1930 the Crystal Beach Park Company, incorporated for that and related purposes, and its assignees, appellees herein, constructed a roller-coaster and merry-go-round on a large block of ground purchased by them for that purpose on the water front in the center of activities along North Beach. These amusement devices cost the promoters $85,000. After those amusements were put in operation, appellants brought this action against appellees to restrain that operation in toto and for damages. This relief was denied appellants.

The trial court found, in the absence of a jury:

"1. I find that plaintiffs own nineteen houses within either Block 1, 2 or 3 of Beach Hotel addition to the city of Corpus Christi, representing a total investment of about $60,000.00; that plaintiffs, C. C. Hornsby and wife, occupy two of such houses as their residences; that other than such two, plaintiffs keep such houses for rent to tourists, that said blocks extend about 300 feet from east to west and are all bordered by Corpus Christi Bay on the East; that defendant operates the Crystal Beach Park, which is located on the eastern part of said blocks and are part thereof nearest Corpus Christi Bay, consisting in part of a roller coaster and merry-go-round; that said roller coaster is built from North to South so as to traverse all three of such blocks and is situated at one point 11 feet from one of the houses belonging to J. C. Hornsby, 95 feet from one of the houses belonging to C. C. Hornsby and 62 feet from one of the houses belonging to T. B. Templeton.

"2. That said merry-go-round in its operation is accompanied by music of a loud and harsh nature; that said roller coaster in its operation creates loud and unusual noises and that persons riding same yell, shriek and halloo; that said noises disturb the rest and sleep of plaintiffs, C. C. Hornsby and wife and J. C. Hornsby and wife, and prevent them from enjoying the quiet and peace of their homes; that same are operated at night until from ten o'clock till midnight and sometimes later.

"3. That there are numerous other houses within said blocks and within from 30 to 300 feet distant from said roller coaster and merry-go-round, and that the noises emanating from the operation of same are not objectionable to the owners thereof; save to plaintiffs.

"4. That said Crystal Beach Park, blocks, houses and residences are on North Beach, outside the city limits of, but adjoining the city of Corpus Christi; that the city of Corpus Christi is a tourist center; that North Beach is bordered by Corpus Christi Bay affording the best bathing beach available to the city of Corpus Christi and is devoted to the housing and entertainment of tourists; that property owners on North Beach, other than plaintiffs, regard said amusement park as a benefit.

"5. That the construction of Crystal Beach Park, including said roller coaster and merry-go-round, began in May, 1930, and was finished in July, 1930, at a cost of $85,000.00; that plaintiffs owned said houses and resided therein during the time of the construction thereof and made no protest against such construction; that there is lien indebtedness against said park amounting to $55,000.00.

"6. That said roller coaster and merry-go-round are the chief sources of revenue to defendant in the operation of said park; that same are fit for no use other than that to which they are now devoted; that plaintiffs' property is fit for the use to which same has been devoted except to the extent impaired by the noises emanating from the operation of said roller coaster and merry-go-round."

From these findings of fact the court concluded as matters of law:

"1. That the residences of plaintiffs, C. C. Hornsby and wife, and J. C. Hornsby and wife, being situated on North Beach, which is devoted to the housing and amusement of tourists, and the plaintiff T. B. Templeton having stood by without objection during the construction of said park, at the considerable cost named, plaintiffs are not now entitled to the injunctive relief, as prayed, on account of the noises emanating from operation of said roller coaster and merry-go-round.

"2. That the relative injury to plaintiffs by a continuance of the disagreeable noises emanating from operation of said roller coaster and merry-go-round, complained of by them, will be much less than that injury which would be inflicted upon defendant by granting and enforcing an injunction restraining the operation of same.

"3. That plaintiffs have an adequate remedy at law."

█ It must be conceded that the operation of the devices objected to by appellants is a lawful business, and does not constitute a nuisance per se, although it is perhaps a matter of common knowledge that such operation is always and apparently necessarily accompanied by loud noises peculiar thereto. It would

not be difficult for a court to find those devices to be nuisances when operated in otherwise quiet residential districts, where, obviously, they have no proper place, and in such case their operation would be restrained by a court of equity. The usual place of their operation is in fairgrounds, amusement parks, and like pleasure resorts, such as the court found in this case.

■ The trial court found, and this court should perhaps take judicial notice of the well-known fact, that Corpus Christi, besides its other natural advantages, is distinctly a pleasure resort, at least through the summer months, and that thousands of people annually flock to the city and its environs to enjoy the sea breezes and surf and all the other wholesome and delightful pleasures common to such resorts. The trial court found that North Beach affords the better advantages for the enjoyment of these attributes of the city, and that the facilities for housing and entertaining those seeking such advantages are centered upon and adjacent to North Beach, which is devoted exclusively to those purposes, and upon a large scale. The devices complained of by appellants are located in the center of those activities, where abound other devices, besides them, which are equally noisy and confusing to nonparticipants in their use.

■ It is true that appellants' numerous cottages, one of which is occupied by each of them, respectively, in their groups, and the remainder of which are rented out to tourists seeking the pleasures of the resort, are all located within 300 feet of appellees' property. But many other property owners are similarly situated in all respects, and reside in and own and rent out cottages within the same proximity to appellees' amusement devices. On the other hand, they regard those devices and the operation of them as beneficial to the neighborhood and to their property and business, and the court found as a fact that such benefits exist. It is significant that the court found, in effect, that, among all the residents and property owners of North Beach, in the midst of which appellees' amusements are operated, only appellants C. C. Hornsby and J. C. Hornsby, and not even appellant Templeton, object to and are disturbed by the operation of those amusements. The court properly considered all the facts and circumstances recited herein in determining the matter of injunctive relief, and concluded from them that it would be inequitable to totally prohibit such operation and thereby destroy the value of the very substantial improvements appellees had constructed upon their property with the full knowledge of appellants, who made no complaint thereat until those improvements had been completed and put in lawful operation. It should be kept in mind that there is no contention that appellees' devices

were negligently constructed or operated in such manner as to create more noise or confusion than is usual or necessary in the operation of such devices. Gose v. Coryell, 59 Tex. Civ. App. 504, 126 S. W. 1164; Oliver v. Cotton, etc. Co. (Tex. Civ. App.) 226 S. W. 1094; Strieber v. Ward (Tex. Civ. App.) 196 S. W. 720; Boren v. Pet. Co. (Tex. Civ. App.) 266 S. W. 623; Royalty v. Strange (Tex. Civ. App.) 220 S. W. 421; Iford v. Nickel (Tex. Civ. App.) 1 S.W.(2d) 751; Sherman Gas & Electric Co. v. Belden, 103 Tex. 59, 123 S. W. 119, 27 L. R. A. (N. S.) 237.

We conclude that the appeal rests upon issues of fact which were resolved by the trial court against appellants upon sufficient evidence, and that the judgment denying injunctive relief should be affirmed; without prejudice, however, to any right, if any, to recover damages which may have accrued, or may accrue in the future, to appellants, by reason of any unlawful operation of appellees' amusement devices.

Affirmed.

### On Motion for Rehearing.

Appellants have presented an able and earnest motion for rehearing, and in deference thereto we have thoroughly and painstakingly reconsidered the case, and are prompted thereby to modify some of the findings of fact set out in the original opinion.

It was stated in the original opinion that appellees "purchased" the land now covered by their improvements, for the purpose of operating their amusement devices thereon. The record does not warrant the statement that the land was "purchased" by those now operating those devices. It is sufficient to find, therefore, that they are "occupying" the land for that purpose. It is obvious that this modification cannot affect the merits of the case, however.

■ Appellants also complain of the finding that the trial judge found as a fact that the operation of appellees' devices was beneficial to the neighborhood and the business and property located therein. It is true that the trial judge made no such express finding, but such finding will be implied in support of the judgment, and was warranted by the evidence.

It may be said, further, that one of the plaintiffs, Templeton, did not reside at the North Beach, although owning and operating tourist cottages in the immediate vicinity of the amusement devices complained of. And while it is true that he made some objection to the operation of those devices, he does not complain here of the judgment denying him relief in the trial court.

With these modifications of the original opinion, appellants' motion for rehearing will be overruled.