**A. C. SCHILLER et al., Appellants,**

**v.**

**J. C. RALEY, Appellee.**

**No. 4496.**

Court of Civil Appeals of Texas.

Waco.

July 14, 1966.

Rehearing Denied Aug. 4, 1966.

Roger Knight, Roger Knight, Jr., W. R. Malone, Madisonville, for appellants.

Mac L. Bennett, Jr., Normangee, for appellee.

## OPINION

WILSON, Justice.

Appellee sought, and the trial court granted a permanent injunction, after a jury verdict, restraining appellants from operating a cattle feed lot on their land, and requiring them to remove their cattle from the lot.

Appellants' position is that a decree prohibiting absolutely the operation of the feed lot on their own land is not justified because they are engaged in a lawful, useful and essential business in a sparsely settled rural area devoted primarily to farming and the raising of livestock.

Plaintiff alleged, and there is evidence to show that he and his wife reside on their 15-acre tract 2½ miles from Madisonville; that on defendants' 50-acre tract they constructed, over plaintiff's protest, a cattle feed lot across the highway several hundred feet from plaintiff's garage, filling

station and house; that defendants feed approximately 80–90 animals in small pens which, "when the wind is out of the southeast at certain times of the year" cause odor and stench which result in great discomfort to plaintiff and his wife; that flies are generated; that the value of their property has been materially reduced; that the operation of the feed lot "in the manner" alleged constitutes it a nuisance. It was prayed that an injunction be granted enjoining defendants "from maintaining and operating the feed lot as hereinabove set out" in such manner as to constitute a nuisance.

The jury found that the operation of the feed lot is a nuisance to plaintiff; that it causes flies to be drawn in great numbers, "or that noxious odors, filth and stench are generated, either or both," extending to plaintiff's property; that the condition found materially depreciated the value of plaintiff's property and interfered with his comfort and use of the property.

The judgment permanently enjoined defendants "from operating said feed lot upon their premises" described, and directed, ordered and commanded that they "remove from said feed lot said animals therein contained in order that said private nuisance may be abated."

The evidence shows that the corner of defendants' feed lot is 526 feet from plaintiff's filling station and 750 from his house. There is one farmhouse ¼ mile from plaintiff's, another ½ mile away, and a third about "½ mile or so southeast"; and, as plaintiff testified, it is a sparsely settled farming and ranching area. There is evidence that the operation is "essential to the meat supply of the city", and "someone must do it"; that it is a useful and necessary business. The only evidence on the issue is that the conditions complained of "could probably be controlled." The evidence negatives the existence of a health hazard. The state and county health agencies found no basis for action, and determined the operation was "pretty well in

order." The operation would be subject to objection and complaint wherever it was located in the county. The injunction will effectively put defendants out of business.

In our opinion the complete and absolute prohibition of the operation of a feed lot upon appellants' premises and the requirement that they remove cattle therefrom is not authorized. Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615; Georg v. Animal Defense League, Tex.Civ.App., 231 S.W.2d 807, writ ref., n. r. e.; Garland Grain Co. v. D-C Home Owners Improve. Ass'n, Tex.Civ. App., 393 S.W.2d 635, writ ref., n. r. e.; Royalty v. Strange, Tex.Civ.App., 204 S.W. 870. The cases cited by appellee, Lamb v. Kinslow, Tex.Civ.App., 256 S.W.2d 903, writ ref., n. r. e.; King v. Miller, Tex. Civ.App., 280 S.W.2d 331, writ ref., n. r. e., and Livestock Feeder Co. v. Few, Tex. Civ.App., 397 S.W.2d 297, writ ref., n. r. e., do not hold to the contrary.

The judgment is reversed and the cause remanded.